IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KATIE S. TAMASHIRO, | ) | CIVIL NO. 06-00188 ACK KSC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| | ) | PLAINTIFF'S MOTION TO |
| v. | ) | SET ASIDE SETTLEMENT |
| | ) | |
| PETE GEREN, in his | ) | |
| Capacity as the Secretary of | ) | |
| the Army, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On June 6, 2008, Plaintiff Katie S. Tamashiro ("Plaintiff") filed a Motion to Set Aside Settlement In This Matter.  On July 3, 2008, Defendant Pete Geren, in his official capacity as the Secretary of the Army ("Defendant"), filed his opposition, to which Plaintiff replied on July 10, 2008.

The matter came on for hearing on July 21, 2008.  Attorney Jerry Chang appeared on behalf of Plaintiff; Assistant U.S. Attorney Derrick Watson appeared on behalf of Defendant.

## BACKGROUND

In August 2003, the United States Army Corps of Engineers (the "Corps") did not select Plaintiff for an emergency manager position in Alaska.  Plaintiff filed the complaint in this matter on April 7, 2006, alleging the Corps' hiring decision was the product of unlawful race, age, and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 633 *et seq.* ("ADEA").

Settlement negotiations began in late January 2008.  In addition to the parties and/or their counsel meeting with the Court for settlement discussions on multiple occasions over the subsequent two months, the parties also exchanged correspondence regarding possible settlement parameters.   For instance, on March

2

7, 2008, Defendant provided its estimate of certain salary and retirement benefits that Plaintiff would receive if she remained in her current position in Washington, D.C. and retired in mid-2009, and an estimate of the comparable amount of salary and retirement benefits Plaintiff would receive if she transferred to and retired in Honolulu as part of a settlement.  Defendant also provided written guidance to Plaintiff on how she could prepare her own salary and retirement estimates and advised Plaintiff's counsel of the importance of Plaintiff deriving her own figures independent of those of Defendant.

On March 12, 2008, the Court ordered Plaintiff to personally attend a settlement conference on March 28, 2008.  Traveling from Washington, D.C. to Honolulu, Plaintiff attended the March 28 proceeding accompanied by her counsel, Jerry Chang, who had attended each prior settlement conference alone as Plaintiff's representative, as well as by her friends Mr. Reuben Yap and Ms. Betty China.  After negotiations spanning both morning and afternoon sessions, the parties successfully reached a compromise at this March 28, 2008 conference, and immediately placed their agreement on the record in a transcribed, open court proceeding.  The parties agreed that:

·   Defendant would relocate and transfer Plaintiff from Washington, D.C. to a position in her same pay band in the Honolulu Army Corps Office as soon as practicable.

- Defendant would increase Plaintiff's base pay by five percent upon her relocation.

- Defendant would pay for Plaintiff's moving and other relocation expenses.

- Defendant would pay Plaintiff $15,000 in cash.

- Plaintiff would release and dismiss all of the claims asserted in her complaint with prejudice.

After Plaintiff's counsel affirmed that a settlement had been reached on these terms,

Plaintiff herself concurred:

> THE COURT:  Ms. Tamashiro, you heard what the attorneys told me just now?
>
> MS. TAMASHIRO:  Yes.
>
> THE COURT:  Are the terms and conditions of the essential – are the terms and conditions of the settlement stated this afternoon acceptable to you?
>
> MS. TAMASHIRO:  Yes, Your Honor.
>
> THE COURT:  Then the Court then based on counsels' representations and the affirmation by the plaintiff will find that the essential terms of a valid and enforceable settlement agreement have been stated on the record this afternoon. . . .

*Exh. C to Declaration of Derrick Watson* at 3-4.

On April 8, 2008, Defendant emailed to Plaintiff's counsel, Mr. Chang, a

draft written settlement agreement that further memorialized the terms of the

parties' March 28, 2008 agreement.  Defendant followed up with emails to

4

Plaintiff's counsel on April 24 and April 30.  On May 1, 2008, Mr. Chang advised

that Plaintiff was still doing "her own calculations."  That same day, Defendant

responded in writing as follows:

> Jerry, that's fine for her [Ms. Tamashiro] to do whatever
> calculations she feels the need to do, but I'm less clear on
> why that now matters or why that affects the signing of the
> agreement.  The deal is already in place, on the record and
> approved by the court (and by Ms. Tamashiro). The time
> for corrections, if there are any, has long passed.

On or about May 16, 2008, while continuing to try to arrange for Ms.

Tamashiro's transfer to Honolulu in accordance with the parties' settlement

agreement, Defendant learned from Plaintiff that she was no longer interested in

moving to Honolulu.  Defendant immediately wrote to Plaintiff's counsel and

advised that if Plaintiff wished to waive that portion of the agreement, Defendant

would not object and would work to fill the Honolulu position with someone else.

Defendant drafted and sent to Plaintiff's counsel on May 16 an Addendum to the

Settlement Agreement that would document this waiver.

On May 30, 2008, having received no response to its May 16, 2008

correspondence, Defendant again wrote to Plaintiff's counsel and reiterated that it

would not object if Plaintiff no longer wished to relocate to Hawaii as she had

agreed to do.  Defendant further advised that unless it received information to the

contrary by June 6, 2008, it would "treat Ms. Tamashiro's inaction as a waiver" of

the relocation portion of the settlement and would "commence efforts to fill the Hawaii [] position with someone else."   On June 6, 2008, Plaintiff filed a Motion to Set Aside Settlement.

## DISCUSSION

In this case, the first settlement conference was held on February 8, 2008. It was followed by status conferences with counsel regarding the prospect and terms of settlement on February 14, February 21, and March 10, 2008.

A further settlement conference was held on March 28, 2008, and the plaintiff was present with her counsel and her acquaintances.  That settlement conference had two sessions during the day; one from approximately 10:00 a.m. to 11:15 a.m., and another from 3:00 p.m. to 4:00 p.m.  Eventually, a settlement was placed on the record late in the afternoon of March 28, 2008.

There is no question that this settlement on the record is clear and straight forward, assented to by all the parties and their counsel.  That assent was voluntary and knowing with regard to the essential terms of the settlement.

In this case, the plaintiff has failed to demonstrate how the terms of the written settlement agreement and addendum, which she has declined to sign, are in any way at discord with the terms of the settlement placed on the record on March 28th.

6

The fact that the plaintiff now believes that the settlement is apparently not in her best interest, unless she receives an additional $70,000, does not warrant setting aside the settlement in this case.  Simply put, the plaintiff in this case agreed to the essential terms of the settlement and has failed to demonstrate fraud or bad faith on the part of the defendant.

Additionally, the Court finds that the plaintiff's waiver of her Title VII and ADEA claims was voluntary, deliberate, and informed.  She expressly agreed to release all of these claims in her complaint as part of the settlement in this case.

Therefore, consistent with *Doi v. Halekulani Corporation,* 276 F.3d 1131 (9th Cir. 2002), this Court finds and will recommend that Plaintiff's motion be denied.

//       //

//       //

//       //

//       //

//       //

//       //

<u>CONCLUSION</u>

This Court FINDS and RECOMMENDS that the Court DENY Plaintiff's

Motion to Set Aside Settlement In This Matter.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 14, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge

Katie S. Tamashiro v. Pete Geren;
CIVIL NO. 06-00188 ACK KSC
FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO SET ASIDE
SETTLEMENT